UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE

50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

**LETTER OPINION**

October 16, 2009

Fenecia Law
8920 Elina Rose
Douglasville, GA 30134
    *(Pro Se Litigant)*

Samuel Feldman
Orloff, Lowenback, Stiffelman & Siegel
101 Eisenhower Parkway
Roseland, NJ 07068
    *(Attorneys for Defendant)*

    Re:   *Fenecia Law v. Schonbraun McCann Group, LLC*
            Civil Action No. 08-2982 (WJM)

Dear Litigants:

    This matter comes before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).[1]  Oral arguments were not held, in accordance with Fed. R. Civ. P. R. 78.  For the reasons set forth below, Defendant's motion is **GRANTED**.

---

[1] It should be noted that before Defendant filed its motion to dismiss, it answered Plaintiff's Complaint.  Defendant included insufficient service of process as an affirmative defense in its answer and therefore did not waive the defense pursuant to Fed. R. Civ. P. 12(h).  Nevertheless, the motion to dismiss is untimely. A court may choose to hear an untimely motion filed subsequent to an answer but is not required to do so.  *See Molnlycke Health Care AB v. Dumex Medical Surgical Products Ltd.*, 64 F.Supp.2d 448, 449 (E.D.P.A. 1999).  In this instance, the Court will exercise its discretion and consider the motion.

1

**I.      BACKGROUND**

Plaintiff Fenecia Law ("Law") filed a Complaint in federal court on June 16, 2008, alleging that her former employer, the Schonbraun McCann Group, LLC ("Schonbraun") had impermissibly discriminated against her for reasons related to her age, sex, and race. Pl.'s Cmplt. ¶ 2.  At the time of filing, Plaintiff was a 44 year old African-American woman.  *Id*. at 7.  Specifically, the Complaint alleges that Defendant paid higher salaries and gave greater consideration to Plaintiff's younger, white, and male co-workers than to Plaintiff, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) as amended by the Civil Rights Act of 1991 at 42 U.S.C. § 1981(a), and the New Jersey Law Against Discrimination N.J.S.A.10:5.1.  *Id.* at 2, 14, 17, 20, 22.  Plaintiff was represented by attorney Dawn L. Jackson ("Jackson") at the beginning stages of the litigation.  Pl.'s Cmplt.

On August 20, 2008, Plaintiff submitted an incomplete summons to the Court. CM/ECF Docket Entry No. 2.  Because it was incomplete, the Court did not issue the summons.  Plaintiff submitted a second summons on November 20, 2008 and subsequently served it upon Defendant.  The second summons was complete on its face so it was issued by the Court.  *Id.* at Entry No. 3.  However, it was issued more than 120 days after the June 16, 2008 filing of the Complaint.

Defendant answered Plaintiff's Complaint on December 2, 2008.  *Id.* at Entry No. 4.  On December 24, 2008, Defendant moved to dismiss the Complaint for insufficient service of process, on the grounds that Defendant was not served within 120 days of the filing of the Complaint as required by Fed. R. Civ. P. 4(c) and (m).  *Id.* at Entry No. 8.

Plaintiff's opposition papers were due January 6, 2009, but Jackson requested and was granted a one cycle adjournment.  *Id.* at Entry No. 9.  The opposition became due January 20, 2009, but Jackson did not file any papers at that time.  The Court has not received any further correspondence from Jackson.

On March 18, 2009, the New Jersey Supreme Court temporarily suspended Jackson from the practice of law.  *Id.* at Entry Nos. 10, 13.  On April 1, 2009, Plaintiff notified the Court of Jackson's suspension and requested time to find a new attorney.  *Id.* at Entry No. 10.  The Court granted her 30 days to do so and represented that it would delay any ruling on the pending motion until after the 30 day period.  *Id.* at Entry No. 11. Plaintiff also informed the Court that in between January and March 2009, Jackson had not responded to any letters or calls from Plaintiff and had in essence ceased her representation of Plaintiff.

During the 30 day period, Plaintiff failed to find new counsel.  She alleges that this was because Jackson did not return her retainer fee, leaving Plaintiff unable to afford a new attorney.  Plaintiff contacted the Court again on May 22, 2009, requesting to represent herself.  *Id.* at Entry No. 12.  By Order dated June 11, 2009, the Court granted

Plaintiff's request and gave Plaintiff until June 24, 2009 to respond to the motion to dismiss as a *pro se* litigant. *Id.* at Entry No. 13.

Plaintiff submitted a document on June 24, 2009 purporting to be an opposition brief. *Id.* at Entry No. 14. The Court will treat the document as such. However, it does not contain any substantive arguments opposing the motion or give any reasons for the delay in service of process. Several days after submitting the brief, Plaintiff contacted chambers, said she had misunderstood the purpose of the opposition brief, and requested additional time. However, in accordance with the June 11, 2009 Order, the Court declined to grant her any more extensions.

Plaintiff contacted the Court again in July and August 2009, to say that she was close to retaining or had retained new counsel. However, to date, no new attorney has filed a notice of appearance with the court or otherwise purported to represent Plaintiff. Therefore, the Court will continue to deem her a *pro se* litigant. Presently before the Court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

## II.   ANALYSIS

Federal Rule of Civil Procedure 12(b)(5) permits a court to dismiss a case for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993). According to Fed. R. Civ. P. 4(c) and 4(m), a plaintiff must serve the defendant with a valid Summons and copy of the Complaint within 120 days of the initial filing of the Complaint. If a defendant is not served within 120 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

The Third Circuit relies upon a two-step process to determine whether or not to extend the 120 day time period set out in Rule 4(m). *Petrucelli v. Rohringer*, 46 F.3d 1298, 1305 (3d Cir. 1995). First, a district court must analyze whether good cause exists for the plaintiff's failure to comply with the time limit. *Id.* The existence of good cause typically depends upon the plaintiff's reasons for the delay. *See Boley v. Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997) (finding that good cause for a delay in service did not exist when the plaintiff did not provide any reasons for his failure to comply with the Federal Rules); *see also Sykes v. Blockbuster Video*, 205 Fed.Appx. 961 (3d Cir. 2006) (finding that neither inadvertence of counsel nor a *pro se* litigant's unfamiliarity with procedural rules constituted good cause). If the court finds good cause, then an extension must be granted. *McCurdy v. American Board of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998).

However, in the absence of good cause, a court must turn to the second step of the inquiry and decide whether to grant a discretionary extension of time. *Petrucelli*, 46 F.3d at 1306. In deciding whether or not to exercise this discretion, courts have taken into account the length of the delay, the role of counsel, expiry of statutes of limitations, prejudice to the defendant, and the conduct of the parties, among other considerations. *See Telfair v. Newark*, 1998 U.S. Dist. LEXIS 817 (D.N.J.) (finding that a discretionary extension of time to serve was warranted when the summons was filed only one day late, due to the error of the plaintiff's attorney, and the statute of limitations had run); *see also Chiang v. United States SBA*, 2009 U.S. App. LEXIS 9668 at *7 (3d Cir.).

Here, it is clear that Plaintiff failed to effectuate service within the 120 day period. The Complaint was filed on June 16, 2008. The docket sheet, included as an attachment to Defendant's motion, indicates that a valid summons was not even submitted to the Court, let alone served upon Defendant, until November 20, 2008, which is well after the 120 day period. Therefore, the Court must consider whether good cause for the delay exists.

Plaintiff gives no explanation whatsoever for her failure to comply with the time requirement of Rule 4(m). Her opposition brief and other correspondence with the Court are silent on the issue. Although Plaintiff is currently proceeding on a *pro se* basis, she was represented by counsel at the time the Complaint was filed and Defendant was served. Even if the Court were to assume that the failure was due to the inadvertence of counsel or that Plaintiff was proceeding *pro se*, good cause would not exist. Plaintiff has not met her burden and has failed to demonstrate good cause for the delay.

Turning to the second step of the analysis, the Court must consider whether it should grant Plaintiff a discretionary extension of time, despite the lack of good cause. Weighing in Plaintiff's favor is the fact that her attorney was engaged in misconduct sufficient to warrant suspension and that she is now *pro se* and as such should be granted a degree of leniency with respect to procedural matters. However, the Court has already taken Plaintiff's circumstances into consideration and granted her numerous extensions. Moreover, the Court must also consider the fact that this was not a minor or insignificant delay. After filing the Complaint, Plaintiff waited over 60 days to submit the first, deficient, summons, and then an additional almost 90 days to file the second, valid, summons. Thus the valid summons was over 30 days late in total.

Finally, the fact that Plaintiff might be barred by the statute of limitations from refiling certain of her claims should Defendant's motion be granted is of little significance. Some courts do find that a time-barred claim weighs in favor of granting an extension so that the matter can be litigated on the merits. However, the fact that a claim would be time-barred does not mandate the granting of an extension, or the very purpose of the statute of limitations would be severely undermined. More importantly, as Defendant observes in its motion papers, the statute of limitations had likely run on many of Plaintiff's claims before she even filed this action. Therefore, the expiry of the statute of limitations does not weigh in Plaintiff's favor. Taking into account all the various

factors, this Court does not believe a discretionary extension of the Rule 4(m) time period for serving a summons and complaint is warranted.

### III.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff has 30 days to refile.  An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**